UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**David Johnson,**

    *Plaintiff,*

v.                                       Case No. 3:24-cv-278
                                                                Judge Thomas M. Rose

**Speedway LLC,**

    *Defendant.*

---

**ENTRY AND ORDER GRANTING DEFENDANT SPEEDWAY LLC'S MOTION TO DISMISS COMPLAINT (DOC. 6), DENYING PLAINTIFF'S MOTION TO AMEND (DOCS. 9, 10) AND TERMINATING CASE**

---

Before the Court is Defendant Speedway LLC's Motion to Dismiss Complaint. (Doc. 6.) *Pro se* Plaintiff David Johnson has responded with a Motion to Amend. (Docs. 9, 10.) Because Plaintiff's Complaint fails to state a claim and because any claim is barred, Defendant's motion will be granted. Because Plaintiff's Motion to Amend would be futile, his motion will be denied and the case terminated.

**I.    Background**

1

Plaintiff has alleged that he was wrongfully terminated from his employment with Speedway. He does not invoke a statutory basis for his allegations. On October 21, 2024, Johnson filed his Complaint, alleging:

> I David Johnson started working at speedway around 7/18/2023, last official day I worked was 6/19/2024. I became a store lead at speedway on or before 4/18/2024. 1 was only a store lead for little over 60 days, during this time Miriello McGee, phrased different ways about how she was going to terminate me. I had already discussed with Miriello about My, anxiety and panic attacks which made it a very stressful environment and situation. I was seeing a therapist prior to working with Speedway about my anxiety. Upon further therapy session we have concluded that the situation was a contributing factor in my increase anxiety and panic attacks. I was not properly trained before I became a store lead, she was aware of this and promised Support through the transition. While being a store lead anytime that I had questions or concerns she would not get my phone call for days at a time. Then would go on and get reprimanded for the same thing that I got no response from her about. Unemployment stated that I was terminated due to Just cause, For reasonable standards of contact. The reason I believe this is not true because during this short term as a store lead, 1 completed all daily tasks such as paperwork, DSR, Invoices, etc. I did the best of my abilities to follow company policy and instructions, was not given any help from my district manager. Part of the reason I believe she ignored me was because she was new to her position as a district manager I went on vacation starting 6/20/2024 and was supposed to return on 07/03/2024 but was not on the schedule. I reached out to her on 07/02/2024 but got no response until 07/05/2024. Miriello McGee stated on 7/5/24 "terminate you for fraud your time last week you worked. You put in that you worked 4 AM to 2 PM every day and after reviewing Camera, you did not work anywhere near those hours." She was referring to it before I went on vacation, which would have been payroll date of 6/20/24. Payroll was not done by me on that date. I brought my concerns to Human Resources, but they were more concerned about helping the company than a solution. I tried to show HR the correspondence between me and Mrs. McGee to prove my evidence but was not able to send them.

(Doc. 2, PageID 25.)

The Complaint does not allege that Defendant filed a complaint or charge of discrimination, or that he received a right to sue letter from the EEOC or the Ohio Civil Rights Commission.

## II. Standard of Review

Speedway moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint. (Doc. 6.) To survive a motion to dismiss under Rule 12(b)(6), a challenged pleading "must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 66, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). A complaint need not contain "detailed factual allegations," but must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

In addition, federal courts hold *pro se* pleadings to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991). However, "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall,* 610 F.2d 16, 19 (1st Cir.1979) (citation omitted). Accordingly, this Court is not required "to explore exhaustively all potential claims of a *pro se* plaintiff," as this would "transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton,* 775 F.2d

1274, 1278 (4th Cir.1985). Only well-pled factual allegations contained in the complaint and amended complaint are considered on motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Weiner v. Klais & Co., Inc.,* 108 F.3d 86, 89 (6th Cir.1997), overruled on other grounds, *Swierkiwica v. Sorema, N.A.*, 534 U.S. 506 (2002); *see also Cox v. Hiland*, No. 5:13-cv-179, 2014 WL 7150046, at *1 (W.D. Ky. Dec. 15, 2014).

**III.    Analysis**

Johnson's allegations against Speedway fall short because Ohio is an at-will employment state, meaning that in Ohio "an 'employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all.'" *Miles v. S. Cent. Hum. Res. Agency, Inc.*, 946 F.3d 883, 886 (6th Cir. 2020) (quoting *Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.2d 1181, 1187 (11th Cir. 1984)). Thus, even if Speedway fired Johnson based on a mistaken belief that Johnson submitted a fraudulent time sheet, that would not provide Johnson a basis upon which to sue.

Employees who have unionized sometimes have a collective bargaining agreement that limits the employer's right to fire employees for reasons other than cause, *see* , *e.g.*, *Roll Coater, Inc. v. Chauffers, Teamsters & Helpers Loc. Union 215*, 263 F. App'x 445, 448 (6th Cir. 2008), but Johnson does not appear to have a union collective bargaining agreement.

Employers' at-will rights are also limited if the employee is a member of a class that Congress or the Ohio state legislature has chosen to protect from discrimination. However, as Speedway points out, these protections require an aggrieved employee to engage in a review process very quickly after the action taken against the employee.

Title 42 U.S.C. § 2000e-5(e)(1) states that a charge of discrimination "shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred" or,

4

when proceedings have been initially instituted with a state or local agency, "such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred." Similarly, Ohio Revised Code § 4112.052(B)(1)(a) states that a person may file a civil action alleging unlawful discriminatory practices relating to employment if "[t]he person has first filed a charge with the Ohio civil rights commission under § 4112.051 of the Revised Code with respect to the practice complained of in the complaint for the civil action within the time period required under that section." Ohio requires an administrative review to be initiated within 45 days. Ohio Rev. Code § 4112.052(B)(1). The Ohio provision took effect April 15, 2021.

A person must exhaust his or her administrative remedies before filing employment discrimination claims in a court. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 392, 102 S. Ct. 1127(1982). The defense of failure to exhaust administrative remedies may appropriately be resolved by motion to dismiss under Rule 12(b)(6). *See Mayers v. Sedgwick Claims Mgmt. Servs.*, 101 Fed. Appx. 591, 593 (6th Cir. 2004); *Lawrence v. Dixon Ticonderoga Co.*, 305 F. Supp. 2d 806, 813-14 n. 2 (N.D. Ohio 2004). Ohio Revised Code § 4112.052(B)(1)(a) applies the same exhaustion-of-remedies requirement to state law employment claims in Ohio. *Smith v. Lorain Cnty. Veterans Serv. Comm'n*, 2024 U.S. Dist. LEXIS 58812, *19 (N.D. Ohio Mar. 30, 2024).

Plaintiff's Motion to Amend informs the Court "Plaintiff believes that he should not have to go to EEOC to get a right to sue letter to continue lawsuit because, this lawsuit is not just based on discrimination." (Doc. 10, PageID 111.) Plaintiff fails, however, to inform the Court or Defendant what is the basis of this lawsuit. The Court perceives no basis upon which Plaintiff can proceed and Defendant is entitled to understand why it is being hailed into court. *See*

*Ashcroft v. Iqbal*, 556 U.S. 66, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court concludes that Plaintiff's proposed amendment would be futile.

By not filing an administrative charge before the appropriate agency, Plaintiff did not exhaust his administrative remedies on the claims alleged in the Complaint. Therefore, the Court must dismiss the Complaint for failure to state a claim upon which relief can be granted.

### IV. Conclusion

Because Plaintiff has failed to allege a cognizable claim for relief or that he has properly exhausted his administrative remedies regarding any employment discrimination claims, the Court **GRANTS** Defendant's Motion to Dismiss. (Doc. 6.) Because any amendment would be futile, the Court **DENIES** Plaintiff's Motion to Amend. (Docs. 9, 10.) The Court thus **DISMISSES** Plaintiff's Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The Clerk is **ORDERED** to **TERMINATE** this case on the dockets of the United States District Court for the Southern District of Ohio, Western Division at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, January 22, 2025.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE